```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF DELAWARE

RAY A. REVEL              :   CIVIL ACTION
                          :
        v.                :   No. 10-CV-005
                          :
CPL. COPPER,              :
```

### MEMORANDUM AND ORDER

**JOYNER, J.**                                    **April 27, 2010**

Plaintiff Ray A. Revel ("Plaintiff"), who proceeds pro se and has been granted in forma pauperis status, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fifth Amendments of the United States Constitution.[1] (D.I. 2.)  For the reasons discussed below, the court will dismiss without prejudice the unlawful criminal charge claim and will stay the remaining claim.

### PLAINTIFF'S FACTUAL ALLEGATIONS

The complaint alleges that on September 25, 2009, Defendant Cpl. Copper ("Defendant"), a Georgetown, Delaware police officer, trespassed on Plaintiff's property, harassed Plaintiff and accused him of driving under the influence.  (D.I. 2, ¶¶ 6, 7.) Plaintiff explained to Defendant that he was not driving and was told not to say another word.  Plaintiff asked, "if you so called 'seen me driving' down the street 'under the influence' why

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

didn't you . . . stop me, or pull me over?"  (Id. at ¶¶ 8, 9.) Plaintiff alleges that although Defendant "could not justify probable cause," he arrested Plaintiff.  (Id. at ¶¶ 9, 10.)

Plaintiff was taken to the Georgetown Police Department.  He alleges that he was neither advised of his Miranda rights nor given an alcohol test.  (Id. at ¶¶ 12, 13.)  Because Plaintiff was upset, he said to Defendant, "it wouldn't hurt my feelings if all the Georgetown police officers had a bulit [sic] in there [sic] head."  (Id. at ¶ 14.)  The Complaint states that Plaintiff made this statement "while under the influence."  (Id.) Defendant charged Plaintiff with threatening the life of a public official and driving under the influence.  (Id.)  At the time the complaint was filed, Plaintiff was held at Sussex Correctional Institution ("SCI"), Georgetown, Delaware, awaiting trial.  (Id. at ¶ 15.)

Plaintiff alleges that Defendant was deliberately indifferent to his right to free speech and to be secure in his home when he was arrested and charged with crimes for statements that were opinions and not threats.  He seeks a preliminary injunction to order Defendant to drop the "threatening the a life of a public official" charge, and also seeks compensatory and punitive damages.

**DISCUSSION**

*I.  LEGAL STANDARD*

This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir.

1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the court must determine

4

whether the facts alleged in the complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2]  Id. at 211. In other words, the complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Iqbal,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Abstention

Plaintiff appears to allege that he was unlawfully charged with "threatening a life of a public official," and seeks an injunction to order Defendant to drop the charges.  Should the court grant said relief, it would interfere in the ongoing criminal proceedings.  Federal court should abstain from enjoining or interfering with an ongoing criminal prosecutions.  See Younger v. Harris, 401 U.S. 37 (1971).

Federal courts ordinarily must refrain from deciding the merits of a case when three conditions are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the

---

[2] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010).  As a threshold condition to the above requirements, "Younger applies only when the relief the plaintiff seeks in federal court would interfere with the ongoing state judicial proceeding." Grimm v. Borough of Norristown, 226 F. 606 (E.D. Pa. 2002).  Where the "federal proceedings are parallel but do not interfere with the state proceedings, the principles of comity underlying Younger abstention are not implicated." Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1201 (3d Cir. 1992); see also Marks v. Stinson, 19 F.3d 873, 882 (3d Cir. 1994) ("a federal court will only consider Younger abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings.").

Here, there is an ongoing criminal prosecution.  Also, the Delaware criminal proceeding implicates Delaware's important interest in enforcing its own criminal laws.  Finally, Plaintiff will have adequate opportunity for judicial review of his federal constitutional claims in the state criminal court.  He can challenge the lack of Miranda warnings[3] and his free speech rights in the state criminal proceedings.  Similarly, if

---

[3]Section 1983 is not an avenue for relief from the mere failure to provide a Miranda warning.  Chavez v. Martinez, 538 U.S. 760, 772 (2003); Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994); see also Large v. County of Montgomery, 307 F. App'x 606 (3d Cir. 2009) (not published).

convicted, he may challenge his conviction in federal court via a petition of habeas corpus after exhausting his state remedies. See Heck v. Humphrey, 512 U.S. 477 (1994).

The court finds that the Younger requisites have been met. Further, entertaining the claim of the allegedly unlawful criminal threat charge during the pendency of Plaintiff's ongoing criminal proceedings would likely interfere with those proceedings. For these reasons, the court will abstain from this claim and will dismiss it without prejudice.

### III. *Unlawful Arrest*

Plaintiff also alleges that he was arrested without probable cause which the court construes as an unlawful/false arrest claim. It is well-established that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. Albright v. Oliver, 510 U.S. 266, 274 (1994); Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Here, Plaintiff alleges Defendant did not see him driving a vehicle, yet arrested him for driving under the influence and that after an exchange of words between the two, Defendant added the charge of threatening the life of a public official. Liberally

7

construing the complaint as the court must, Plaintiff has alleged an unlawful arrest claim.

However, where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94 (2007). Because the charges against Plaintiff remain pending, and because it is not clear to what extent the circumstances surrounding Plaintiff's arrest may affect the disposition of those pending criminal charges, the court will stay the claim for unlawful arrest asserted against Defendant. Should Plaintiff wish to proceed with this action following disposition of the pending criminal matter, he must so notify this court, in writing, within sixty (60) days following entry of judgment in the trial court in the pending state criminal matter.

## **CONCLUSION**

The court will abstain and dismiss without prejudice the wrongful criminal threat charge claim and will stay the remaining unlawful arrest claim.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAY A. REVEL | : CIVIL ACTION |
| v. | : No. 10-CV-005 |
| CPL. COPPER, | : |

### ORDER

**AND NOW**, this 27th day of April, 2010, for the reasons set forth in the preceding Memorandum and Order, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall cause a copy of this Order to be mailed to Plaintiff.

2. The unlawful criminal threat charge claim is **DISMISSED without prejudice**. The case is **STAYED** on the remaining unlawful arrest claim.

3. Plaintiff shall **NOTIFY** the court, in writing, within **sixty (60) days** following entry of judgment in the trial court in the pending state criminal matter if he wishes to proceed with this action.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER,    J.